UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cr-00032-JPH-MJD |
| ANTONIO PHILLIPS, | ) -01 |
| Defendant. | ) ) ) |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Antonio Phillips has filed a motion to reduce his sentence under Amendment 821 to the United States Sentencing Guidelines, which retroactively lowered the sentencing guidelines calculation for some defendants. Dkt. 42.

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). One of those exceptions is for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Motions for sentence reductions under § 3582(c)(2) are evaluated in "a two-step inquiry." *Dillon*, 560 U.S. at 826–27. First, the district court must determine whether the reduction is permissible under the amended guidelines. *Id.* If that first step is satisfied, the district court must consider "any applicable § 3553(a) factors and determine whether,

in its discretion, the reduction . . . is warranted . . . under the particular circumstances of the case." *Id.*

Here, Mr. Phillips seeks a reduction under Amendment 821 Part A, which limits "status points" imposed for having committed the offense while under a criminal justice sentence. Dkt. 42; USSG §4A1.1. The government responds that Mr. Phillips is not eligible for a reduction because he already received Amendment 821's benefit. Dkt. 84.

Amendment 821 took effect November 1, 2023. USSG Am. 821. Mr. Phillips was then sentenced in July 2024. Dkt. 36. Accordingly, Mr. Phillips received one status point under Amendment 821, dkt. 27 at 24, instead of the two status points he would have received before the Amendment, *see* USSG §4A1.1(e). Because Mr. Phillips was already sentenced under Amendment 821, his guidelines range is unchanged. The Court may reduce Mr. Phillips's sentence only if his "sentencing range . . . has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see* USSG §1B1.10(a) (same).

Mr. Phillips also seeks a sentence reduction under Amendment 829, which addressed when a downward departure "may be warranted due to the defendant's youthfulness at the time of the offense or prior offense." But Amendment 829 is not retroactive, so it cannot support a sentence reduction. *See* USSG §1B1.10(d) (listing retroactive amendments).

Mr. Phillips therefore is not eligible for a sentence reduction under *Dillon's* first step, and his motion is **DENIED**. Dkt. [42].

**SO ORDERED.**

Date: 9/22/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

Antonio Phillips
#28692-044
USP Big Sandy
P.O. Box 2068
Inez, KY 41224