UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:24-cr-00032-JPH-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ANTONIO PHILLIPS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cr-00032-JPH-MJD |
| | ) | |
| ANTONIO PHILLIPS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Antonio Phillips has filed a motion for compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 59. For the reasons explained below, his motion is **DENIED**.

## I. Background

In March 2024, Mr. Phillips pled guilty to one count of possession of firearms by a felon in violation of 18 U.S.C. § 922(g)(1) (Count 1). Dkts. 23, 39 at 1. The Court imposed a sentence of 57 months' imprisonment to be served consecutively to any term of imprisonment imposed in the Eastern District of Missouri in case number 4:19CR00273-001. Dkt. 39 at 2. The Court also imposed a 3-year term of supervised release. *Id.* at 3. The Bureau of Prisons ("BOP") currently reports Mr. Phillips's anticipated release date (with good-conduct time included) as May 1, 2029. *See* https://www.bop.gov/inmateloc/ (last visited September 8, 2026).

## II. Discussion

Mr. Phillips asks the Court to reduce his sentence and authorize his early release. Dkt. 59. In support, Mr. Phillips explains what he has accomplished while incarcerated, including earning his GED, participating in programming, and modeling good behavior, and that he has a solid release plan. *Id.* Mr. Phillips further explains that he is changed man. *Id.* at 2. The Court construes Mr. Phillips' motion to argue rehabilitation as an extraordinary and compelling reason for his early release.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court is authorized to reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds there are "extraordinary and compelling reasons [that] warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). District courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). The United States Sentencing Commission has issued a policy statement identifying

circumstances that qualify as "extraordinary and compelling" under § 3582(c)(1)(A)(i). *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Rehabilitation alone cannot be an extraordinary and compelling reason for a sentence reduction. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). The Court commends Mr. Phillips for the substantial progress he has made while incarcerated and has no reason to doubt that Mr. Phillips is committed to living a positive, drug and crime free lifestyle upon his release. But the Court does not find that Mr. Phillips's rehabilitation combines with any other factors to create an extraordinary and compelling reason for a sentence reduction.

Even if Mr. Phillips could establish an extraordinary and compelling reason for a sentence reduction, the Court nevertheless finds that he is not entitled to compassionate release because the 18 U.S.C. § 3553(a) sentencing factors do not weigh in his favor. Under § 3553(a), the Court considers: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kind of sentences available; (4) the kinds of sentence and the sentencing range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Weighing in Mr. Phillips' favor, he has obtained his GED, participated in programming, modeled good behavior, and appears to have a solid plan for how he will succeed upon his eventual release from prison.

Weighing against him, Mr. Phillips has an extremely long criminal record. Dkt. 27 at 6-24 (detailing dozens of prior convictions); *id.* at ¶¶ 80-82 (20 criminal history points). Also, he was on supervised release for a federal conviction for unlawful possession of a firearm by a convicted felon when he committed the offense conduct in this case—unlawful possession of a firearm by a convicted felon. Dkt. 27 ¶ 79; 81.

Considering these factors, the Court finds that granting Mr. Phillips' motion would not reflect the seriousness of his offense; promote respect for the law; provide just punishment for his offense; or afford adequate deterrence to criminal conduct. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("All a district judge need do is provide a sufficient reason for [denying release under § 3582(c)(1)]. One good reason for denying a motion such as [plaintiff's] is enough; more would be otiose."). His motion for compassionate release therefore is denied.

**III. Conclusion**

For the reasons stated above, Mr. Phillips's motion for compassionate release, dkt. [59], is **denied**.

**SO ORDERED.**

Date: 10/7/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Antonio Phillips
Reg. No. 28692-044
FCI Forrest City Medium
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 3000
FORREST CITY, AR 72336

All Electronically Registered Counsel